09-4359-ag
Ni v. Holder

BIA
A072 436 135

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of July, two thousand ten.

PRESENT:
> JON O. NEWMAN,
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
>> *Circuit Judges*.

————————————————————————————————

ZHOU BAO NI, a.k.a. TI TEE BAO,
> *Petitioner*,

> v.                                                     09-4359-ag
>                                                        NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
> *Respondent*.

————————————————————————————————

FOR PETITIONER:        Jed S. Wasserman, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General, Thomas B. Fatouros, Senior Litigation Counsel, Ann M. Welhaf, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Zhou Bao Ni, also known as Ti Tee Bao, a native and citizen of the People's Republic of China, seeks review of a September 22, 2009, order of the BIA denying his motion to reopen his removal proceedings. *In re Ni*, No. A072 436 135 (B.I.A. Sept. 22, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien who has been ordered removed may file one motion to reopen, but must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7). Here, the BIA properly denied Ni's motion to reopen as untimely and number-barred, as it was his third motion to reopen and was filed seven years after his April 2002 final order of removal. *See id.*; 8 C.F.R. § 1003.2(c)(2).

Although the time limits may be excused when the movant demonstrates changed country conditions, 8 U.S.C. § 1229a(c)(7)(C)(ii), the BIA reasonably found that the evidence Ni submitted failed to demonstrate a change in

-2-

country conditions in China. Indeed, Ni fails to point to any evidence in the record establishing how the Chinese government's current treatment of members of the Chinese Democracy Party differed from their treatment at the time of his merits hearing. Ni also does not challenge the BIA's finding that his motion was based on "a change in personal circumstances in the United States." Therefore, substantial evidence supports the BIA's determination that Ni failed to establish changed country conditions. *See* 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

Furthermore, a reasonable fact-finder would not be compelled to conclude that the BIA ignored any material evidence or that it failed to provide a sufficient explanation for its findings. Although the agency has an obligation to consider all evidence relevant to an applicant's claim, it need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Jian Hui Shao*, 546 F.3d at 169. Here, given the BIA's references to the documentation submitted with the motion to reopen, it is apparent that the BIA considered Ni's evidence, and made reasonable findings based on the record. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337

n.17 (2d Cir. 2006). Additionally, the BIA reasonably declined to credit Ni's unauthenticated evidence – a summons purportedly from the Public Security Bureau – based on the IJ's underlying adverse credibility determination. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007). Accordingly, the BIA did not abuse its discretion by denying Ni's motion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
